Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRAVITY PAYMENTS, INC., a Washington corporation , <br><br> Plaintiff, <br><br> v. <br><br> DAVID HOPWOOD, an individual , <br><br> Defendant. | NO.  2:15-cv-00139-RSM <br><br> APPLICATION FOR ENTRY OF DEFAULT JUDGMENT <br><br> NOTE ON MOTION CALENDAR: <br> FRIDAY, NOVEMBER 4, 2016 |

## I.  INTRODUCTION

Plaintiff Gravity Payments, Inc. ("Gravity Payments") brought suit against its former employee, Defendant David Hopwood, for breach of Defendant's employment agreement.  This Court has found that Defendant is in default and issued an Order Entering Default. ECF 38. Gravity Payments hereby applies for entry of default judgment against Defendant and award of damages.  FRCP 55(b)(2).

## II.  STATEMENT OF FACTS

Gravity Payments is a national provider of credit and debit card processing services.  It has provided services to merchants in the Norman, Oklahoma area since 2010, and continues to do so today.  ECF 1, at ¶ 3.1-3.2; Declaration of Rosita Barlow ("Decl. of Barlow"), ECF 3, at ¶ 2.

APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT - 1

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010

In July, 2013, Gravity Payments began employing Defendant as an account consultant in the Norman, Oklahoma area market. Decl. of Barlow, ECF 3, at ¶ 3. On or about July 22, 2013, Defendant and Gravity Payments executed an Employment Agreement. Decl. of Barlow, ECF 3, at ¶ 4. The Employment Agreement contained, *inter alia,* an Agreement Not to Compete, Agreement Not to Solicit, and Agreement Not to Utilize Confidential Information. ECF 1, Exh. A, at §§ 5(a), 5(d), 6(c). The Employment Agreement provided for liquidated damages and injunctive relief upon breach of these provisions. On approximately October 18, 2013, Defendant's employment with Gravity Payments was terminated. ECF 1, at ¶ 3.9; Decl. of Barlow, ECF 3, at ¶ 9. Defendant has breached the non-competition and non-solicitation provisions of his employment contract with Gravity Payments, triggering liquidated damages in and injunctive relief barring Defendant from divulging, disclosing, or using Gravity Payments' Confidential Information.

Default was entered against Defendant on October 12, 2016. ECF 38. Gravity Payments now moves for entry of default judgment and award of damages and injunctive relief.

### III. STATEMENT OF THE ISSUES

1. Should the Court enter default judgment against Defendant David Hopwood and award damages to Plaintiff Gravity Payments, Inc.?

### IV. BASIS FOR DEFAULT JUDGMENT

Where a party who had appeared in the case is found to be in default, the party seeking entry of default judgment must apply to the Court for a default judgment. FRCP 55(b)(2). Plaintiff presents herein evidence sufficient to satisfy Rule 55(b)(2)'s requirements. The evidence consists of the Declaration of Rosita Barlow with attachments, the Declaration of Paul J. Dayton with attachments and excerpts from Plaintiff's complaint. *Danning v. Lavine,* 572 F.2d 1386 (9th Cir. 1978) (Once the court determines the defendant is in default, the factual allegations of the complaint establishing liability will be taken as true).

APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT - 2

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010

**A.  Defendant Breached Multiple Provisions of His Employment Agreement with Gravity Payments.**

Gravity Payments is a national provider of credit and debit card processing services. It has provided services to merchants in the Norman, Oklahoma area since 2010, and continues to do so today. Complaint, ECF 1, at ¶ 3.1-3.2; Declaration of Rosita Barlow ("Decl. of Barlow"), ECF 3, at ¶ 2;

In July, 2013, Gravity Payments began employing Defendant as an account consultant in the Norman, Oklahoma area market. Decl. of Barlow, ECF 3, at ¶ 3. On or about July 22, 2013, Defendant and Gravity Payments executed an Employment Agreement. Decl. of Barlow, ECF 3, at ¶ 4. On approximately October 18, 2013, Defendant's employment with Gravity Payments was terminated. Complaint, ECF 1, at ¶ 3.9; Decl. of Barlow, ECF 3, at ¶ 9.

**1.  Breach of Agreement Not to Compete.**

The Employment Agreement between Gravity Payments and Defendant included an Agreement Not to Compete, which provided:

> During the period of employment with the Company, and for two (2) years following termination of employment, Employee will not engage in, accept business from, or have a financial interest in any business, either separately, jointly, or in association with others, directly or indirectly, as an officer, director, consultant, agent, employee, owner, partner, representative, stockholder or otherwise, which competes with the company.

Complaint, ECF 1, Exh. A, at § 5(a).

Defendant's employment with Gravity Payments was terminated on approximately October 18, 2013. ECF 1, at ¶ 3.9; Decl. of Barlow, ECF 3, at ¶ 9.  After leaving Gravity Payments, Defendant continued working in Norman, Oklahoma, for MeritCard Solutions, LP ("MeritCard") and Regal Payment Systems, LLC ("Regal Payment Systems"), two of Gravity Payments' competitors. ECF 1, at ¶ 3.10; Decl. of Barlow, ECF 3, at ¶ 8.  Since he left Gravity Payments' employment, Hopwood has solicited, otherwise contacted, and/or accepted business from Gravity Payments' customers in Norman, Oklahoma, trading on the relationships he built with those customers during his employment with Gravity Payments.  The Gravity Payments'

APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT - 3

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010

1  customers that Hopwood has solicited, otherwise contacted, and/or accepted business from

2  include Antique Garden; Big-A Burger; Broadway Parts; Buchanan Bike Shop; Cellular &

3  Gadget Repair, LLC; David K. Duncan, MD; Derek R. Mask, DDS; The Dugout; The Gray Owl;

4  The Mont; Oculofacial Plastics Association; Showplace Signs; Ultimate Thrift and; Xpress

5  Cellular. Complaint at ¶ 3.13, ECF 1. Some of these actions are confirmed in correspondence

6  from counsel. Exh. C to Decl. of Dayton.

7  In response to a subpoena, Regal confirmed that Defendant had worked on its behalf,

8  including on several of Gravity Payments' merchant accounts. **Exhs. A, B** to Declaration of Paul

9  J. Dayton in Support of Plaintiff's Motion for Order to Show Cause why Default Judgment

10 Should Not Issue, ECF 34 ("Decl. of Dayton"). Both companies provide credit and debit card

11 processing services, they each market to merchants in multiple locations that include Norman,

12 Oklahoma, and their services in the Norman, Oklahoma market directly compete with Gravity

13 Payments' services that it markets and provides to customers and potential customers in the

14 Norman, Oklahoma area. ECF 1, at ¶ 3.11-3.12; Decl. of Barlow, ECF 3, at ¶¶ 9-10. Defendant's

15 employment and association with MeritCard and Regal Payment Systems breached his non-

16 competition agreement with Gravity Payments. *See* ECF 1, Exh. A**,** at § 5(a).

17  **2.   Breach of Agreement Not to Solicit.**

18  Defendant's Employment Agreement also included an Agreement Not to Solicit, which

19 provided:

> Employee further agrees that during the term of his employment and for a period of three (3) years thereafter, he will not solicit or otherwise contact either separately, jointly, or in association with others, directly or indirectly, or accept business from any of the following:
>
> (i)    any of the Company's customers;
> (ii)   any entities that were customers of the Company (or its affiliates) at any time during the five years immediately preceding the termination of this Agreement;
> (iii)  any employees or other agents of the Company;
> (iv)   any of the Company's strategic partners or referral sources;
> (v)    any prospects developed by the Company.

APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT - 4

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010

ECF 1, Exh. A, at § 5(d).

Following his termination, Defendant has solicited, otherwise contacted, and/or accepted business Gravity Payments' customers in Norman, Oklahoma, trading on relationships he built with those customers during his employment with Gravity Payments. Decl. of Barlow, ECF 3, at ¶¶ 7,11; Complaint, ECF 1 at ¶ 3.13  Gravity Payments lost those businesses as customers. *Id.*  In September, 2015, Gravity Payments indicated its willingness to pursue settlement but reiterated its need to obtain discovery responses to determine the scope of Defendant's breach. **Exh. F** to Dayton Decl. Defendant responded by conceding he had solicited numerous Gravity Payments employees, and produced limited documentation that confirms this account. *See* **Exh. C** to Dayton Decl. The documents Defendant produced, along with his attorney's admission, confirm that Defendant has improperly solicited 11 Gravity Payments customers.[1] *Id.*  Of course, Defendant's limited production of documents in lieu of full discovery responses precludes Gravity Payments from ascertaining whether Defendant solicited additional customers. Nevertheless, Gravity Payments only seeks liquidated damages for those customers Defendant admits to soliciting.

**3.     Breach of Agreement Not to Utilize Confidential Information.**

The Employment Agreement also prohibited improper use of Gravity Payments' Confidential Information as follows:

> During the term of his/her employment with the Company and thereafter,
> (i) Employee will not divulge or disclose any Confidential Information to anyone, directly or indirectly, other than in the regular and proper course of business of the Company (or its affiliates) or as required by law and (ii) Employee will not use, directly or indirectly, any Confidential Information for the benefit of anyone other than the Company (or its affiliates).

---

[1] Plaintiff conservatively counts the number of lost customers identified in **Exh. C.** Plaintiff counts each business as one customer, even if there were multiple locations or had both online and in-store services. Furthermore, it appears from Defendant's production that Henegar's Parts and Service Center was formerly Broadway Parts, *see* **Exh. C,** both of which Defendant solicited. However, Plaintiff only counts this as one customer.

APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT - 5

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010

1  ECF 1, Exh. A, at § 6(c). Since leaving Gravity Payments' employment, Defendant has used
2  Gravity Payments' Confidential Information to enable his competition for Gravity Payments'
3  customers. ECF 1, at ¶ 3.15.

**4.     Entry of Default Judgment is Warranted under the Circumstances.**

Rule 55(b)(2) provides for default judgment in the discretion of the Court. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* at 1471-72.

The majority of the *Eitel* factors weigh in favor of entry of default judgment. If entry of default judgment was denied, Gravity Payments would be without a remedy as Defendant would not be enjoined from further utilizing its confidential information. The fact that the sum of money at stake is not overly large weighs in favor of default judgment, especially because the monetary damages comprise wholly of liquidated damages agreed to by Defendant. Furthermore, given the loss of customers caused by Defendant's improper solicitation, it is imperative that Gravity Payments be able to recover the liquidated damages it is entitled to, as they represent the parties' best estimate of damages that would result from loss of customers. Importantly, Plaintiff's well pleaded complaint and all of the available evidence demonstrate Defendant's liability. Defendant's limited production of documents provides unequivocal proof that Defendant breached the non-solicitation clause, triggering liquidated damages. As well, the subpoena response from one of Gravity Payments' competitors, Regal Payment Systems, confirms that Defendant worked for a Gravity Payments' competitor and unquestionably breached the non-competition clause, triggering liquidated damages. Though trials on the merits are favored, given those undisputed facts and the nature of relief sought—liquidated damages not

APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT - 6

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010

requiring proof of actual damages incurred—there is little possibility of a dispute concerning material facts. The absence of material dispute, coupled with Defendant's apparent intention to evade his litigation obligations, demonstrate Defendant recognizes and concedes his responsibility and simply does not intend to mount any defense. Forcing Gravity Payments to try the case without attendance or defense by Defendant would be a waste of judicial resources, as well as Plaintiff's resources.  Finally, there is no indication Defendant's failure to defend is due to excusable neglect as he never provided discovery responses, consistently failed to communicate with his own former counsel, and failed to appear and show his intention to defend this case when given the opportunity to show cause why he should not be found in default.

**B.     Gravity Payments is Entitled to Relief Including Liquidated Damages and Attorneys' Fees  Due to Defendant's Breaches of Contract.**

Gravity Payments' complaint prays for injunctive relief, monetary damages, and attorneys' fees and costs, all of which it is entitled to recover. ECF 1, at pp.6-7.

### 1.     Injunctive Relief [2]

Gravity Payments is entitled to a permanent injunction against Defendant. The parties' contract provides that, "Employee [Defendant] expressly agrees that the breach of any restriction contained in Sections 5 and/or 6 hereof would result in irreparable injury to the Company [Plaintiff]…[and that] in addition to all other available remedies, [Plaintiff] shall be entitled to injunctive relief…." Exh. A to ECF 1**,** at § 6(f).  Consistent with the parties' contract and relief sought in Plaintiff's complaint, a permanent injunction should issue barring Defendant from divulging, disclosing, or using Gravity Payments' Confidential Information including its

---

[2] Gravity Payments acknowledges its request for injunctions enforcing the non-competition and non-solicitation agreements are now moot. Defendant's employment was terminated on or about October 18, 2013. ECF 1, at ¶ 3.9. The Employment Agreement prohibits competition for two years after employment termination, which was October 18, 2015. ECF 1, Exh. A, at § 5(a). The Employment Agreement prohibits solicitation for three years after employment termination, which was October 18, 2016. ECF 1, Exh. A, at § 5(d).

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT - 7

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010

customer and prospect lists, its pricing structures, and its prospects' confidential business and identifying information.

### 2. Monetary Damages

#### a. Liquidated Damages from Defendant's Breach of the Employment Agreement.

Gravity Payments is entitled to an award of $75,000 in liquidated damages based on Defendant's breaches of contract. The contract provides for liquidated damages of $20,000 in the event Defendant competes against Gravity Payments within two years after termination. Exh. A to ECF 1, at § 5(f). The contract further provides that Defendant "shall pay the Company $5,000 for each customer who is lost" as a result of Defendant soliciting or accepting business from the Company's customers. Exh. A to ECF 1, at § 5(f). Defendant solicited and/or accepted business from at least 11 customers of Gravity Payments, whose business was lost as a result of Defendant's actions. *See supra,* Section IV.A.2. Liquidated damages for violation of the non-solicitation provision therefore total $55,000. In total, Defendant is liable to Gravity Payments for **$75,000** in liquidated damages.

### 3. Attorneys' Fees, Costs, and Expenses.

Prevailing parties may recover their attorneys' fees where authorized by contract. *Travelers Cas. & Sur. Co. of Am. v. PG&E,* 549 U.S. 443, 448 (2007) (federal courts follow American Rule and award attorneys' fees only if authorized by statute or contract or recognized ground in equity); *Kirk v. Gobel,* 622 F. Supp.2d 1039, 1045 (E.D. Wash. 2009) (Washington follows American Rule). The parties are both signatories to Defendant's Employment Agreement, which provides that the prevailing party "shall be awarded its reasonable attorneys' fees, costs and expenses" in any proceeding concerning enforcement of any provision in the contract. Exh. A to ECF 1, at § 10(e). As entry of default judgment is proper, Gravity Payments is the prevailing party and entitled to recover its attorneys' fees, costs and expenses. Plaintiff will

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT - 8

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010

move for award of attorneys' fees and non-taxable costs within 14 days of entry of default judgment. FRCP 54(d)(2).

## V.  SERVICE OF NOTICE OF MOTION FOR DEFAULT JUDGMENT

Defendant has previously appeared and, pursuant to FRCP 55(b)(2), must therefore be served with written notice of the application for damages at least seven days before the hearing on damages. Plaintiff will be served with this Application for Entry of Default Judgment, along with the records supporting entry of default judgment, by mail at his last known address the same day this application is filed with the Court.  FRCP 5(b)(2)(C) (service is complete upon mailing paper to person's last known address).

## VI.  CONCLUSION

Gravity Payments has established its entitlement to liquidated damages in the amount of $75,000, and permanent injunctive relief barring misuse of Plaintiff's Confidential Information, and respectfully requests that the Court direct entry of default judgment against Defendant David Hopwood.

DATED:  October 25, 2016.

SHORT CRESSMAN & BURGESS PLLC

By:   */s/ Paul J. Dayton*
         Paul J. Dayton, WSBA No. 12619

         999 Third Avenue, Suite 3000
         Seattle, WA 98104-4088
         Phone:  206.682.3333
         Fax:  206.340.8856
         Attorneys for Plaintiff

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT - 9

731859.2/027982.00010

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

And I certify that a copy of the foregoing document was mailed via the United States Postal Service to the following non-CM/ECF participants:

David Hopwood (*pro se* Defendant)
1232 N. Interstate Drive
Norman, OK  73072

SHORT CRESSMAN & BURGESS PLLC

By */s/ Paul J. Dayton*
Paul J. Dayton, WSBA No. 12619

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT - 10

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

731859.2/027982.00010