UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRAVITY PAYMENTS, INC., a Washington corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID HOPWOOD, an individual,<br><br>  Defendant. | Case No. 15-139 RSM<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Default Judgment. Dkt. #40. Defendant David Hopwood has not responded to this Motion. The Court entered default against Mr. Hopwood on October 12, 2016, after he failed to respond to the Court's Order to Show Cause. Dkt. #38. Having reviewed the relevant briefing and the remainder of the record, the Court finds adequate bases for the entry default judgment.

## II.   FACTUAL BACKGROUND

Gravity Payments is a national provider of credit and debit card processing services. It has provided services to merchants in the Norman, Oklahoma area since 2010 and continues to do so today. Dkt. #1 at ¶¶ 3.1-3.2; Dkt. #3 at ¶ 2. In July, 2013, Gravity Payments began

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 1

employing Defendant as an account consultant in the Norman, Oklahoma area market. Dkt. #3 at ¶ 3. On or about July 22, 2013, Defendant and Gravity Payments executed an Employment Agreement. Dkt. #3 at ¶ 4.

The Employment Agreement between Gravity Payments and Defendant included an Agreement Not to Compete, which provided:

> During the period of employment with the Company, and for two (2) years following termination of employment, Employee will not engage in, accept business from, or have a financial interest in any business, either separately, jointly, or in association with others, directly or indirectly, as an officer, director, consultant, agent, employee, owner, partner, representative, stockholder or otherwise, which competes with the company.

Dkt. #1, Exh. A, at § 5(a); Dkt. #3 at ¶ 4.

Defendant's employment with Gravity Payments was terminated on approximately October 18, 2013. Dkt. #1 at ¶ 3.9; Dkt. #3, at ¶ 9. After leaving Gravity Payments, Defendant continued working in Norman, Oklahoma, for MeritCard Solutions, LP ("MeritCard") and Regal Payment Systems, LLC ("Regal Payment Systems"), two of Gravity Payments' competitors. Dkt. #1 at ¶ 3.10; Dkt. #3, at ¶ 8.

In response to a subpoena, Regal confirmed that Defendant had worked on its behalf, including on several of Gravity Payments' merchant accounts. Dkt. #34, Ex. A and Ex. B.

Both companies provide credit and debit card processing services, they each market to merchants in multiple locations that include Norman, Oklahoma, and their services in the Norman, Oklahoma market directly compete with Gravity Payments' services that it markets and provides to customers and potential customers in the Norman, Oklahoma area. Dkt. #1 at ¶ 3.11-3.12; Dkt. #3 at ¶¶ 9-10.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 2

Defendant's employment and association with MeritCard and Regal Payment Systems breached his non-competition agreement with Gravity Payments. *See* Dkt. #1, Ex. A, at ¶ 5(a).

Defendant's Employment Agreement also included an Agreement Not to Solicit, which provided:

> Employee further agrees that during the term of his employment and for a period of three (3) years thereafter, he will not solicit or otherwise contact either separately, jointly, or in association with others, directly or indirectly, or accept business from any of the following:
> (i) any of the Company's customers;
> (ii) any entities that were customers of the Company (or its affiliates) at any time during the five years immediately preceding the termination of this Agreement;
> (iii) any employees or other agents of the Company;
> (iv) any of the Company's strategic partners or referral sources;
> (v) any prospects developed by the Company.

Dkt. #1, Ex. A, at ¶ 5(d).

Defendant breached his non-solicitation agreement after termination of his employment. Following his termination, Defendant has solicited, otherwise contacted, and/or accepted business from Gravity Payments' customers in Norman, Oklahoma, trading on relationships he built with those customers during his employment with Gravity Payments. Dkt. #3 at ¶¶ 7,11. The Gravity Payments' customers that Hopwood has solicited, otherwise contacted, and/or accepted business from include Antique Garden; Big-A Burger; Broadway Parts; Buchanan Bike Shop; Cellular & Gadget Repair, LLC; David K. Duncan, MD; Derek R. Mask, DDS; The Dugout; The Gray Owl; The Mont; Oculofacial Plastics Association; Showplace Signs; Ultimate Thrift and; Xpress Cellular. Dkt. #1 at ¶ 3.13. Certain of these actions are confirmed in correspondence from counsel. Dkt. #34, Ex. C. The documents Defendant produced, along

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 3

with his attorney's admission, confirm that Defendant has solicited eleven Gravity Payments customers.

The Employment Agreement also prohibited improper use of Gravity Payments' Confidential Information as follows:

> During the term of his/her employment with the Company and thereafter, (i) Employee will not divulge or disclose any Confidential Information to anyone, directly or indirectly, other than in the regular and proper course of business of the Company (or its affiliates) or as required by law and (ii) Employee will not use, directly or indirectly, any Confidential Information for the benefit of anyone other than the Company (or its affiliates).

Complaint, Dkt. #1, Exh. A, at § 6(c).  Since leaving Gravity Payments' employment, Defendant has used Gravity Payments' Confidential Information to enable his competition for Gravity Payments' customers.  Dkt. #1 at ¶ 3.15.

Plaintiff has been provided more than seven days' notice of this motion for default judgment.

### III.   DISCUSSION

Based on this Court's Order of Default and pursuant to Rule 55(a), the Court has the authority to enter a default judgment.  Fed. R. Civ. P. 55(b). The Court has been provided sufficient evidence to determine liability and the amount of damages claimed herein, as is required by Rule 55(b)(2).  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The Court must next determine whether to exercise discretion to enter a default judgment. *Id*.

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 4

was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*.

The majority of the *Eitel* factors weigh in favor of entry of default judgment. Plaintiff could easily be prejudiced without the entry of a permanent injunction related to the further use of Plaintiff's confidential information. Plaintiff's Complaint is sufficient and with merit, and Defendant has failed to present any evidence or argument to the contrary despite prior representation in this case. The fact that the sum of money at stake is not overly large weighs in favor of default judgment, especially because the monetary damages comprise wholly of liquidated damages agreed to by Defendant. Finally, the Court finds there to be a low probability that default in this case was due to excusable neglect, given Defendant's many opportunities to respond to filings in this matter, the length of time between the Motion for Default and this Order, and the representations of his prior counsel, *see* Dkt. #31.

Injunctive relief is authorized by the parties' contract, which provides, "Employee [Defendant] expressly agrees that the breach of any restriction contained in Sections 5 and/or 6 hereof would result in irreparable injury to the Company [Plaintiff]…[and that] in addition to all other available remedies, [Plaintiff] shall be entitled to injunctive relief…." Dkt. #1, Ex. A at § 6(f).

The Employment Agreement provides that Gravity Payments is entitled to an award of liquidated damages based on Defendant's breaches of contract. The contract provides for liquidated damages of $20,000 in the event Defendant competes against Gravity Payments within two years after termination. Complaint, Exh. A, Dkt. #1, at § 5(f). The contract further provides that Defendant "shall pay the Company $5,000 for each customer who is lost" as a result of Defendant soliciting or accepting business from the Company's customers. Dkt. #1,

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 5

Ex. A at § 5(g). Defendant solicited and/or accepted business from at least eleven customers of Gravity Payments, whose business was lost as a result of Defendant's actions. Liquidated damages for violation of the non-solicitation provision therefore total $55,000. In total, Defendant is liable to Gravity Payments for $75,000 in liquidated damages.

The parties are both signatories to Defendant's Employment Agreement, which provides that the prevailing party "shall be awarded its reasonable attorneys' fees, costs and expenses" in any proceeding concerning enforcement of any provision in the contract. Dkt. #1, Ex. A at § 10(e). As entry of default judgment is proper, Gravity Payments is the prevailing party and entitled to recover its attorneys' fees, costs and expenses.

Given all of the above, the Court finds the proposed default judgment reasonable. Further, when a party fails to respond to a motion, as Mr. Hopwood has here, the Court may consider that failure as an admission that the motion has merit. LCR 7(b)(2).

### IV.     CONCLUSION

The Court, having reviewed the relevant briefing and the remainder of the record, finds adequate bases for default judgment. Accordingly, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Default Judgment (Dkt. #40) is GRANTED.
2. Consistent with the parties' contract and relief sought in Plaintiff's complaint, Defendant is ENJOINED from divulging, disclosing, or using Gravity Payments' Confidential Information including its customer and prospect lists, its pricing structures, and its prospects' confidential business and identifying information.
3. Plaintiff is awarded $75,000 in liquidated damages to be paid by Defendant.
4. Plaintiff shall move for attorneys' fees and non-taxable costs **within 14 days** of the date of this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment consistent with this Order.

DATED this 10th day of November 2016.

							*[signature]*
							RICARDO S. MARTINEZ
							CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 7